IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: | MDL No. 2262<br>Master File No. 1:11-md-02262-NRB<br><br>ECF CASE |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR AMCORE BANK, N.A., *et al.*,<br><br>                    Plaintiff,<br><br>     v.<br><br>BANK OF AMERICA CORPORATION, *et al.*,<br>                    Defendants. | No. 1:14-cv-01757-NRB |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR DORAL BANK,<br><br>                    Plaintiff,<br><br>     v.<br><br>BANK OF AMERICA CORPORATION, *et al.*,<br>                    Defendants. | No. 1:18-cv-01540-NRB |

**MEMORANDUM IN SUPPORT OF MOTION OF PLAINTIFFS
THE FEDERAL DEPOSIT INSURANCE CORPORATION
AS RECEIVER FOR 38 CLOSED BANKS AND THE FEDERAL DEPOSIT
INSURANCE CORPORATION AS RECEIVER FOR DORAL BANK
FOR LEAVE TO FILE PROPOSED SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

I.   INTRODUCTION ..........................................................................................................1

II.  PROCEDURAL HISTORY...........................................................................................2

    A. The 2014 FDIC-R Complaint on Behalf of 38 Closed Banks ...............................2

    B. The 2015 *LIBOR IV* Decision on Motions to Dismiss...........................................3

    C. The 2016 *LIBOR VI* Decision on Subsequent Motions to Dismiss ........................3

    D. The 2018 FDIC-R Complaint on Behalf of Doral Bank..........................................3

III. THE FDIC-R'S PROPOSED AMENDMENTS ................................................................4

    A. Incorporation of Doral Bank and the *Doral* Complaint Allegations .......................4

    B. Overt Acts in New York ..........................................................................................4

    C. Agency Allegations..................................................................................................6

IV.  CONCLUSION................................................................................................................7

## I. INTRODUCTION

Prompted by the Second Circuit's decision in *Charles Schwab Corp. v. Bank of America Corp.*, 883 F.3d 68 (2d Cir. 2018), the Federal Deposit Insurance Corporation as Receiver for 38 Closed Banks and the Federal Deposit Insurance Corporation as Receiver for Doral Bank (collectively, "FDIC-R") move for leave to file a Second Amended Complaint.[1] Pursuant to the Court's directive, the FDIC-R has coordinated with Plaintiff The Federal Home Loan Mortgage Corporation ("Freddie Mac"), which is seeking leave to amend its Second Amended Complaint on largely overlapping grounds. The FDIC-R accordingly joins in those overlapping arguments in Freddie Mac's Memorandum in support of its Motion for Leave to Amend,[2] and limits this Memorandum to addressing three issues unique to the FDIC-R.

First, in the interests of economy and efficiency, the FDIC-R seeks to consolidate the allegations in the two lawsuits it has filed in this case. It filed its original action on behalf of 38 Closed Banks in 2014, and filed its second action on behalf of Doral Bank earlier this year.[3] Defendants do not oppose this consolidation.[4] If the Court permits this amendment, the FDIC-R will dismiss the *Doral* Complaint without prejudice.

---

[1] A copy of the Proposed Second Amended Complaint ("PSAC") is attached as Exhibit A, with a redlined copy attached as Exhibit B.

[2] Those arguments appear in Sections II (legal principles), III (*Schwab* prompted amendments), IV (agency principles), V (the proposed amendments establish personal jurisdiction over all defendants), VI (the proposed amendments plausibly allege active suppression through October 2011), and VII (Freddie Mac Proposed Third Amended Complaint ("PTAC") clean-up items) of the Freddie Mac Memorandum.

[3] *FDIC-R as Receiver for Doral Bank v. Bank of America, et al.*, 1:18-cv-01540 (NRB) (S.D.N.Y.), ECF No. 1 (the "*Doral* Complaint").

[4] As a condition of their agreement not to oppose this aspect of the FDIC-R's motion, Defendants sought, and the FDIC-R provided, assurances that "the addition (and defendants' agreement thereto) does not impact in any way any rights, claims, defenses or other arguments defendants may have with respect to the FDIC's claims on behalf of Doral or any other person, including, but not limited to, with respect to personal jurisdiction or venue, the timeliness of any of the FDIC's claims, relation back, opposition to any motion for leave to amend, and defendants' right to move to dismiss the FDIC's claims on behalf of Doral pursuant to the schedule set by the Court's May 14, 2018 order. Defendants reserve their rights with respect to any other proposed amendments to the 2014 complaint, including in light of the Court's April 11, 2018 order that any proposed amendments 'shall be limited to those prompted by the

Second, both the FDIC-R's PSAC and Freddie Mac's PTAC include new or particularized allegations of Defendants' overt acts in, and contacts with, New York. These allegations are relevant to show that personal jurisdiction exists over foreign Defendants for the FDIC-R's and Freddie Mac's federal antitrust claims, a jurisdictional analysis governed by the national contacts standard. For the FDIC-R, these allegations have added relevance with respect to personal jurisdiction over foreign Defendants for the FDIC-R's state law claims because the FDIC-R filed its complaints in the Southern District of New York.

Third, the proposed amendments allege in more detail agency relationships between certain defendants and their affiliates and subsidiaries that entered into swap contracts with the Closed Banks.[5]

The FDIC-R explains more fully below why allowing amendment with respect to these three categories of allegations is proper at this time.

## II.  PROCEDURAL HISTORY

### A.  The 2014 FDIC-R Complaint on Behalf of 38 Closed Banks

The FDIC-R filed its first complaint in the Southern District of New York on March 14, 2014 on behalf of 38 Closed Banks[6] and amended that Complaint on October 6, 2014 ("the Amended Complaint").[7]

---

Second Circuit's decision in Schwab.'" Email from A. Mehes to J. Martin, Re FDIC Amended Complaint (May 24, 2018).

[5] In addition, as with Freddie Mac, the proposed amendments contain a number of clean-up items.

[6] *FDIC-R as Receiver for 38 Banks v. Bank of America, et al.*, 1:14-cv-01757 (NRB) (S.D.N.Y.), ECF No. 2.

[7] *FDIC-R as Receiver for 38 Banks v. Bank of America, et al.*, 1:14-cv-01757 (NRB) (S.D.N.Y.), ECF No. 23.

### B.       The 2015 *LIBOR IV* Decision on Motions to Dismiss

In *LIBOR IV*,[8] this Court, *inter alia*, (1) denied the Panel Bank Defendants' Fed. R. Civ. P. 12(b)(6) motions to dismiss the FDIC-R's fraud claims against the Panel Bank Defendants, (2) granted Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction brought by certain moving defendants (domestic Defendants Bank of America N.A., Citibank, N.A., and JPMorgan Chase Bank, N.A; UBS AG did not so move), and (3) denied Defendants' Rule 12(b)(6) motions to dismiss contract-related claims filed by counterparties to LIBOR-linked transactions. *Id.* at *37-38, 62-65, 75.

### C.       The 2016 *LIBOR VI* Decision on Subsequent Motions to Dismiss

In *LIBOR VI*,[9] the Court denied Defendants' Rule 12(b)(6) motions to dismiss the FDIC-R's antitrust claims and granted 12(b)(2) motions brought by all foreign Defendants (including UBS AG) to dismiss the FDIC-R's antitrust claims. *Id.* at *14, 20, & Appx.

### D.       The 2018 FDIC-R Complaint on Behalf of Doral Bank

On February 20, 2018, the FDIC-R filed a complaint on behalf of Doral Bank, which failed in February 2015.[10] The *Doral* Complaint alleges the same facts as the 38 Bank Amended Complaint filed in October 2014, as well as additional facts that subsequently came to light.[11] For example, the *Doral* Complaint alleges active suppression through 2011 based on new information disclosed in the 2017 Grand Jury Indictments of two executives of Société Générale.

---

[8] *In re LIBOR-Based Fin. Inst. Antitrust Litig.*, No. 11 MDL 2262 NRB, 2015 WL 6243526 (S.D.N.Y. Oct. 20, 2015) ("*LIBOR IV*").

[9] *In re LIBOR-Based Fin. Inst. Antitrust Litig.*, No. 11 MDL 2262 NRB, 2016 WL 7378980 (S.D.N.Y. Dec. 20, 2016) ("*LIBOR VI*").

[10] *FDIC-R as Receiver for Doral Bank*, *supra* note 3.

[11] *See, e.g., Doral* Complaint at ¶¶ 10, 18-28, 34-35, 36-39, 41, 44-46, 55-57, 62, 64, 67-71, 74-75, 114, 117-122. 130-131, 141, 144-53, 160, 162-63, 174, 178, 181-82, 183, 185, 191, 202, 212-25, 227, 235.

*Doral* Complaint ¶¶ 62, 191.  No Defendant has filed a responsive pleading or a motion under Rule 12(b), (e), or (f) in response to the *Doral* Complaint.

### III. THE FDIC-R'S PROPOSED AMENDMENTS

#### A. Incorporation of Doral Bank and the *Doral* Complaint Allegations

The PSAC would add Doral Bank as a plaintiff and incorporate all the allegations in the existing *Doral* Complaint that were not in the FDIC-R's Amended Complaint.

The additional allegations in the *Doral* Complaint consist of, *inter alia*, facts revealed after the 2014 filing of the Amended Complaint, as well as facts asserted in the declarations and supporting documents filed in support of the oppositions to the motions to dismiss that were decided in *LIBOR IV* and *LIBOR VI*.[12]  These are among the same facts that Freddie Mac seeks to add to its PTAC.[13]

#### B. Overt Acts in New York

In addition to the new facts alleged in the *Doral* Complaint, the *Schwab* decision also prompted the inclusion of facts in the FDIC-R's PSAC showing that Defendants committed overt acts directly and through their agents in New York.[14]  As alleged, certain Defendants directed LIBOR suppression from New York.[15]  All Panel Bank Defendants, through their agents Thomson Reuters and the Defendant British Bankers' Association ("BBA"), published and transmitted their individual LIBOR submissions – and thus projected "financial soundness" – to

---

[12] *See e.g., Doral* Complaint, *supra* note 11.

[13] *See* Freddie Mac PTAC at ¶¶ 47, 57, 63, 196, 249, 267, 269-70, 274, 277-80, 282, 284-89, 293-95, 299-300, 304-05, 310, 316-16, 325, 332-33, 341, 343, 345; FM Mem. at 1, 14-15, 20-24.

[14] *See* FM Mem. at 4, 16-20, 23; PSAC ¶¶ 35, 39, 43, 47, 56, 66-67, 74, 142-144, 170, 190, 194-97.

[15] *See* FM Mem. at 15, 17, 21-23; PSAC ¶¶ 39, 173, 179, 180, 190, 239.

4

investors, regulators, and the press in New York.[16] Panel Bank Defendants, directly and through their agent the BBA, provided false assurances to New York investors, regulators and the press in New York that LIBOR was accurate and reliable.[17]

The Court should permit these amendments for at least two reasons. First, because no Defendant has served an answer, a motion to dismiss, or a motion pursuant to Fed. R. Civ. P. 12(b), (e) or (f) in response to the *Doral* Complaint, the FDIC-R could add such allegations to that Complaint under Fed. R. Civ. P. 15(a)(1) as a matter of right. *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103–04 (2d Cir. 2008) (plaintiff entitled to amend complaint without leave as matter of right under Rule 15(a)(1) prior to service of a responsive pleading).[18] The allegations accordingly would form part of the FDIC-R's case, even if its 2014 Amended Complaint were not formally amended to include them.

Second, the amendments are prompted by the *Schwab* decision and would not be futile because they state a *prima facie* case of personal jurisdiction over foreign Defendants for the FDIC-R's fraud and antitrust claims. The Freddie Mac Memorandum demonstrates that these overt acts are sufficient to make out a *prima facie* case of personal jurisdiction for federal antitrust claims under the national contacts test. FM Mem. at 11-16, 20-23. For the same reasons, those acts are sufficient to establish personal jurisdiction in New York for the FDIC-R's

---

[16] *See* FM Mem. at 12-16; PSAC ¶¶ 10, 143-145.

[17] *See* FM Mem. at 12-16; PSAC ¶¶ 223, 226-227, 229.

[18] Rule 15(a)(1), as it read when the Second Circuit issued its decision, limited a party's right to amend as a matter of course to the time "before being served with a responsive pleading." The Rule was amended in 2009 to provide that such a right terminates within 21 days after service of a complaint, *or* within 21 days after service of a responsive pleading, or a motion under Rule 12(b), (e), or (f), whichever is earlier. *See* Advisory Committee Notes to Rule 15(a), "2009 Amendments" (specifying "three changes in the time allowed to make one amendment as a matter of course").

state law fraud and Donnelly Act claims.  *See LIBOR IV*, 2015 WL 6243526 at *27-28 (stating jurisdictional principles for state law claims).

        C.      **Agency Allegations**

As demonstrated in the Freddie Mac Memorandum (at 4, 6-7), the *Schwab* decision also permits clarification of agency relationships between Defendants and their subsidiaries and affiliates that engaged in LIBOR-based transactions with Plaintiffs.  The added allegations in FDIC-R's PSAC demonstrate that the Panel Bank Defendants' operations relevant to the FDIC-R's claims, specifically, the determination and submission of USD LIBOR and transactions with Closed Banks, were conducted on a business-segment basis globally, without regard to corporate formalities.[19]  The Closed Banks entered into swap contracts with subsidiaries and affiliates of Panel Bank Defendants Bank of America, N.A.,[20] Citibank, N.A., Credit Suisse AG,[21] HSBC Bank plc,[22] and JPMorgan Chase Bank, N.A.[23]  The FDIC-R's PSAC includes allegations that show that each of these Defendant Banks' respective counterparty affiliates operated at the Banks' direction, and for their benefit.  That is sufficient to establish an agency relationship at the pleading stage.  *See* FM Mem. at 1-4, 7-8, 10; *Schwab* at 86-90.

---

[19] *See* FM Mem. at 7-8; FDIC-R PSAC ¶¶ 23, 38, 40-41, 43, 46-47, 49, 57, 61, 74, 79, 92, 97, 101.

[20] Merrill Lynch Capital Services, Inc., Merrill Lynch International Bank, and Merrill Lynch and Co.  PSAC at ¶¶ 156, 182, 224, 237, 238, 256.

[21] Citigroup Inc. and Credit Suisse Financial Products, Inc.  PSAC at ¶¶ 185, 201, 209, 258.

[22] The Hongkong and Shanghai Bank Corporation Ltd.  PSAC at ¶ 227.

[23] J.P. Morgan Markets Ltd., J.P. Morgan Bank Dublin plc, Bear Stearns Capital Markets, Inc.  PSAC at ¶¶ 188, 190, 243.

## IV. CONCLUSION

For the reasons set forth above, the Motion should be granted.

Dated:  June 15, 2018

Respectfully submitted,

ZELLE LLP

By:  */s/ James R. Martin*
James R. Martin
Jennifer D. Hackett
Woody N. Peterson
Miriam R. Vishio
Nicholas S. Cheolas
Allison M. Vissichelli
1775 Pennsylvania Avenue, NW
Suite 375
Washington, DC  20006
Tel:  202-899-4100
Fax:  612-336-9100
Email:   jmartin@zelle.com
jhackett@zelle.com
wpeterson@zelle.com
mvishio@zelle.com
ncheolas@zelle.com
avissichelli@zelle.com

*Attorneys for the FDIC-R*