UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: | MDL No. 2262<br>Master File No. 1:11-md-2262-NRB |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR AMCORE BANK, N.A., et al.,<br><br>        Plaintiff,<br><br>        v.<br><br>BANK OF AMERICA, CORP., et al.,<br><br>        Defendants. | No. 14-cv-01757-NRB |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR DORAL BANK,<br><br>Plaintiff,<br><br>        v.<br><br>BANK OF AMERICA, CORP., et al.,<br><br>Defendants. | No. 18-cv-01540-NRB |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CONCERNING CERTAIN HARD COPY RECORDS**

        **WHEREAS,** Defendant JPMorgan Chase Bank, N.A. ("JPMC") and Plaintiff Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank ("FDIC-R") have conferred concerning certain hard copy records of Washington Mutual Bank ("WMB") that JPMC is preserving and maintaining (the "WMB Boxes") pursuant to the Purchase and

Assumption Agreement dated September 26, 2008 among the Federal Deposit Insurance Corporation ("FDIC"), FDIC-R, and JPMC, pursuant to which JPMC purchased substantially all of the assets of WMB;

**WHEREAS**, Section 6.3 of the Purchase and Assumption Agreement provides for the preservation of certain WMB records by JPMC;

**WHEREAS**, based on available information, the WMB Boxes consist of approximately 1.7 million boxes of hard copy records from defunct WMB which have been in dead storage at multiple offsite commercial storage facilities since WMB's failure in September 2008, which cost JPMC approximately $3.4 million to store on an annual basis, and which would cost in excess of $12 million (and require numerous years) to scan for purposes of electronic storage (*see* Declaration of David P. Cacarillo, appended hereto as Exhibit A);

**WHEREAS**, based on available information, FDIC-R and JPMC have no business purpose for the WMB Boxes and would dispose of them but for FDIC-R's concern that it be protected from a possible contention in any legal proceedings that the boxes might contain records related to claims or defenses concerning alleged LIBOR manipulation ("LIBOR-related Claims") that should have been retained for purposes of litigation discovery;

**WHEREAS**, based on certain keyword searches conducted by JPMC within an index reflecting information provided by WMB in 2008 regarding the WMB Boxes (the "Index"), JPMC has identified 323 WMB Boxes that may contain references to "LIBOR" and/or other search terms of potential interest to FDIC-R's LIBOR-related Claims, and certain other Defendants have identified 564 additional WMB Boxes that they have requested be retained, for a total of 887 boxes (collectively, the "Retained Boxes"), which JPMC will continue to maintain

in accordance with the Purchase and Assumption Agreement, or until a court of competent jurisdiction orders that the Retained Boxes need no longer be preserved;

**WHEREAS**, based on available information, other than possibly the Retained Boxes, JPMC and FDIC-R are not aware and have no reason to believe that the other approximately 1.699 million WMB Boxes (the "Other WMB Boxes") contain records that are relevant to any LIBOR-related Claims;

**WHEREAS**, other than the Index, no other record of the WMB Boxes' contents is available and the only way to determine more information about their contents would be through a box-by-box, page-by-page review of the approximately 1.7 million WMB Boxes, the burden and expense of which, based on available information, would outweigh its likely benefit (*see* Exhibit A);

**WHEREAS**, JPMC has shared the Index and the LIBOR-related keyword searches used to search the Index to identify the first 323 Retained Boxes with the FDIC-R and all other Defendants in this MDL and requested that they indicate whether they have any objection to the destruction of the Other WMB Boxes or whether there are additional WMB Boxes that they have a reasonable belief may contain relevant information and should be retained (*see* Declaration of Alan C. Turner at ¶ 2, appended hereto as Exhibit B);

**WHEREAS**, in response, counsel for certain other Defendants identified 564 additional WMB Boxes that they requested be retained, and no other Defendant has requested retention of additional boxes or has raised any objection to the destruction of the Other WMB Boxes; (*see* Exhibit B at ¶¶ 3-4);

**WHEREAS**, except for the records in the Other WMB Boxes, nothing in this Stipulation eliminates or otherwise modifies any obligation or duty of JPMC, its subsidiaries

and/or its affiliates, under the Purchase and Assumption Agreement or under applicable law, to maintain and preserve any other records;

**NOW, THEREFORE,** subject to the approval of the Court, Plaintiff FDIC-R and Defendant JPMC hereby stipulate and agree that JPMC shall not be required to preserve the Other WMB Boxes for purposes of any document retention obligations relating to litigation of the LIBOR-related claims and no other person that had notice of this application shall be permitted to argue or otherwise raise questions in any legal proceeding in any court that (1) destruction of the Other WMB Boxes pursuant to this Order constitutes evidence of spoliation by FDIC-R or JPMC or (2) materials relevant to any issue in the LIBOR-related Claims may have been included in the Other WMB Boxes.

Dated: September 16, 2019
New York, New York

/s/ Alan C. Turner
Mary Beth Forshaw
Paul C. Gluckow
Alan C. Turner
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
mforshaw@stblaw.com
pgluckow@stblaw.com
aturner@stblaw.com

Abram J. Ellis
900 G Street NW
Washington, D.C. 20001
Telephone: (202) 636-5500
aellis@stblaw.com
*Counsel for Defendant
JPMorgan Chase Bank, N.A.*

  /s/ James R. Martin
James R. Martin
Jennifer D. Hackett
Woody N. Peterson
Nicholas S. Cheolas
Allison M. Vissichelli
ZELLE LLP
1775 Pennsylvania Avenue, NW
Suite 375
Washington, DC 20006
Telephone: 202-899-4100
jmartin@zelle.com
jhackett@zelle.com
wpeterson@zelle.com
ncheolas@zelle.com
avissichelli@zelle.com

*Counsel for Plaintiff Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank*

SO ORDERED.

_____, 2019

_____
United States District Judge